IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BBC Studios Distribution LTD, <br><br> Plaintiff, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified On Schedule A, <br><br> Defendants. | CASE NO. 1:25-cv-06774 <br><br> Judge: Honorable Andrea R. Wood <br><br> Magistrate Judge: Honorable Laura K. McNally |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
<u>RULE 12(b)(2) AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendants SANHE Co., Ltd (Def. No. 60) and YUTI Co., Ltd (Def. No. 70) (collectively "Defendants"), by and through their counsel, file this Motion to Dismiss Plaintiff BBC Studios Distribution LTD's ("Plaintiff") Complaint against it pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction.

## I.     INTRODUCTION

Since the Exhibits of Defendants' Infringing Evidence [Dkt. No. 17] are under seal, Defendants have conducted a diligent search of sales records based on evidence provided by Plaintiff, which is presumed to be identical to the sealed Exhibits. Attached as **Exhibit 1**.

Based on the evidence provided [Exhibit 1], the products identified by Plaintiff as accused products sold by each Defendant are "<u>Bluey's Exclusive Advent Calendar Pack. Open the Packaging To Find A Bluey Surprise Each Day For 24 days Including Exclusive Figures!</u>," which corresponds with Walmart Product ID 11888609358.

1

However, the URLs and screenshots in **Exhibit 1**, trace back to a pre-existing Walmart listing that was originally designated for a non-Bluey products "*Stitch Advent Calendar 2024, Crochet Calendar Wool, 2024 Wool Yarn Yule Marker, Gift Knitter Markers*." Defendants were merely piggy-back sellers on that pre-existing listing; they did not create, control, or edit the listing content, which was later modified by others to include Bluey-related text and imagery. *See* Declaration of Yinhang Xiao, Dkt. No. 43-2, ¶2; Declaration of Tianyu Peng, Dkt. No. 43-3, ¶2.

Furthermore, following a diligent search, Defendants confirm that they have never "sold any units of either the accused Bluey product or the Crochet Set." Dkt. No. 43-2, ¶4 & 43-3, ¶4. The only two test purchases (Order #2000128-55657869 and 2000127-16765814) provided in Plaintiff evidence [**Ex. 1**, pp. 6 & 20] were never accepted by Defendants nor fulfilled, because Defendants do not offer Bluey products. Dkt. No. 43-2, ¶6 & 43-3, ¶6.

Therefore, with no sales into Illinois, prompt refusal of accepting the test purchases, no fulfillment of any accused products, and no control over the modified Walmart listing, Plaintiff cannot establish that Defendants purposefully availed themselves of the Illinois forum. Accordingly, Plaintiff fails to make a *prima facie* showing of personal jurisdiction over Defendants.

Defendants acknowledge that their searches were conducted based on the specific allegations and the items identified in Plaintiff's submissions. If Plaintiff alleges that Defendants sold additional accused products not presently identified, Defendants would undertake supplemental searches to determine whether any such sales occurred. On the current record, however, there is no evidence that any Defendant sold or shipped the accused to Illinois or U.S.

Accordingly, because Plaintiff has not presented any evidence demonstrating that Defendants sold or shipped the accused products into the forum state, personal jurisdiction cannot be established. As a result, Defendants respectfully request that this Court dismiss Plaintiff's claims against them for lack of personal jurisdiction under Rule 12(b)(2).

## II. PROCEDURAL BACKGROUND

On June 19, 2025, Plaintiff filed its Complaint, alleging that all defendants identified in Schedule "A," including Defendants, infringed on Plaintiff's trademarks and copyrights. [Dkt. No. 1].

On June 23, 2025, Plaintiff filed a motion for entry of a temporary restraining order ("TRO") [Dkt. No. 13]. On July 2, 2025, the Court entered a TRO. [Dkt. 24].

On July 16, 2025, Plaintiff filed a Motion for Preliminary Injunction. [Dkt. No. 32].

## III. LEGAL STANDARDS

"If a defendant moves to dismiss on personal jurisdiction grounds, …, the burden shifts to the plaintiff to demonstrate that personal jurisdiction exists." *Fang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24-CV-08963, at *1 (N.D. Ill. Feb. 4, 2025) (citing *Purdue Research Found v. Sanofi-Synthelabo, S.A.*, 388 F. 3d 773, 782 (7th Cir. 2003)).

To determine whether the plaintiff met its burden, courts may consider affidavits from both parties. *United Airlines, Inc. v. Zaman*, No. 14 C 9214, 2015 U.S. Dist. LEXIS 56982, at *3 (N.D. Ill. Apr. 30, 2015) (citing *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012)). While courts must resolve factual disputes in the plaintiff's favor at this early stage, unrefuted facts in the defendant's affidavits must be taken as true. *Id*.

## IV. ARGUMENTS

General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

Specific jurisdiction requires defendant has "minimum contacts" with the forum state, which requires that "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of

3

personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart, Ind.*, 996 F.3d 812, 819 (7th Cir. 2021) (citing *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020)).

In the present case, Defendants do not have minimum contacts with Illinois and as such neither general jurisdiction nor specific (personal) jurisdiction can be constitutionally exercised. The Complaint against Defendants should be dismissed.

A. **This Court lacks general jurisdiction over Defendants**

In the present case, this Court lacks general jurisdiction over Defendants because they do not have "continuous and systematic general business contacts" with Illinois.

Defendants are Chinese entities incorporated in China and operate solely from China. *See* Declaration of Yinhang Xiao, attached hereto as Exhibit 2, ¶3; Declaration of Tianyu Peng, attached hereto as Exhibit 3, ¶3. They have "no office, employees, or agents in Illinois" and have "not engaged in advertising, marketing, or held any telephone lines or listings in Illinois." Ex. 2, ¶4; Ex. 3, ¶4. Additionally, they do not "maintain any bank accounts or warehouse inventory in Illinois and never used an internet service provider from Illinois." *Id.*

Therefore, this Court lacks general jurisdiction over Defendants because Defendants lack continuous and systematic general business contacts with Illinois.

B. **Specific Jurisdiction cannot be constitutionally exercised over Defendants**

The Seventh Circuit has held that operating a website that is accessible in the forum state, but does not specifically target the forum state, does not create specific personal jurisdiction. *See NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801–02 (7th Cir. 2014); *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011); *see also Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016). This reflects that specific jurisdiction must rest on

4

forum-related contacts of the defendant, not the "plaintiff (or third parties)." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 913 (7th Cir. 2015). When all a defendant does is make a website available in a forum state, the defendant's relation to the forum is "entirely fortuitous, depending wholly on activities outside of the defendant's control." *Advanced Tactical Ordnance Sys.*, 751 F.3d at 803.

       1.  <u>Defendants Lack the Minimum Contacts with Illinois to Support Specific Jurisdiction.</u>

The Seventh Circuit has cautioned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not hauled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC*, 642 F.3d 558 (7th Cir. 2011) (citing *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). Beyond simply operating an interactive website— even a "highly interactive" website— that is accessible from the forum state, a defendant must in some way *target* the forum state's market before she may be hauled into court in that state without offending the Constitution. *Id*. at 558-59 (citations omitted); *see also Walden*, 517 U.S. at 284 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) ("Due process requires that a defendant be hauled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."); *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (the mere operation of an interactive website does not constitute sufficient contact when unaccompanied by activities expressly targeting the forum state).

In the present case, there are no suit-related contacts with Illinois. Defendants did not accept the test purchases, made no sales or shipments of the accused products into Illinois. While their online storefronts are globally accessible, there is no evidence of Illinois-specific

5

targeting, marketing, or transactions. Because Plaintiff's claims do not arise out of or relate to any Illinois conduct by Defendants, specific jurisdiction is lacking.

Although Plaintiff provided two test purchase orders (Order Nos. 2000128-55657869 and 2000127-16765814) for the listing at issue, Defendants neither accepted nor processed them. The listing was for a non-Bluey product — "Crochet Advent Calendar 2024;" and Defendants do not offer any accused Bluey products. *See* Dkt. No. 43-2, ¶¶ 2–4, 6; 43-3, ¶¶ 2–4, 6. Accordingly, neither test purchase resulted in any transaction with Defendants. Consequently, these test purchases do not provide basis for suit-related contacts with Illinois.

2. <u>Jurisdiction Cannot Be Exercised Over Defendants Consistent with Traditional Notions of Fair Play and Substantial Justice.</u>

Even if this Court finds a bare minimum of contacts with Illinois, jurisdiction over Defendants is only proper if exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Hemi*, 622 F.3d at 759 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In making this determination, the Court should consider: [T]he burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies. *Id*. (alteration in original). The factors are considered on a sliding scale: the weaker the defendant's contacts with the forum state, the less likely it is that exercising jurisdiction over that defendant is appropriate. *Id*. at 759-60.

In the present case, the burden on Defendants to litigate in Illinois is substantial given their lack of contact with the state. Moreover, the state of Illinois has a minimal interest in adjudicating this dispute since the allegations are at most address *de minimis* issues, causing virtually no appreciable actual injury to Plaintiff in this forum state.

Notably, neither party is based in Illinois. While Defendants are entities incorporated in China and operate solely from China, Plaintiff BBC Studios Distribution Ltd is a wholly owned subsidiary of the British Broadcasting Corporation, having its principal place of business in the United Kingdom. [Dkt. No. 1, at ¶ 4]. Because neither Defendants have sold or shipped any accused items to Illinois, the Illinois courts would not provide specific efficiencies in resolving this matter.

Consequently, even if minimal contact is found to exist, this Court should decline to exercise jurisdiction as it would contravene traditional notions of fair play and substantial justice.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the Complaint against them.

Date: 9/5/2025

/s/ He Cheng
He Cheng,
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33308
rcheng@palmerlawgroup.com
Tel: +1 (917) 525-1495
***Attorney for Defendants***